## Ohio Casualty Insurance Co. v. Hyler

*Harry E. Brennan,* for plaintiff.
*Martin J. Heiligman,* for defendant.

SLOANE, J., June 7, 1971.—This equity complaint filed by plaintiff insurance company (company) seeks to cancel ab initio, do away with, an automobile liability insurance policy No. FA 7109816 issued to defendant (not actually delivered) with a binder effective date of June 20, 1969. Defendant was involved in an accident on June 29, 1969, and wants the company's protection. The company alleges the binder was issued in reliance upon material misrepresentations made in bad faith by defendant to the insurance broker, Mr. Tyrol. Specifically, those misrepresentations are said to be: (1) Defendant said he had no Pennsylvania traffic offenses on his record; in fact, defendant was convicted of such offenses including speeding, reckless driving and driving without proper license for which he had been fined four times and had his license suspended three times. Indeed, defendant was under suspension on the date the "Binder" was issued, the suspension period running from June 5, 1969, to April 29, 1970; (2) defendant said he was to be married within a month, which was not so; (3) defendant gave a false home address and a wrong previous home address.

Defendant asserts that, factually, Mr. Tyrol, the agent, in preparing the application asked him about

only "major" violations and defendant assumed that only meant "previous accidents."

Defendant further argues:

The application was not signed and the application was not attached to the policy as required by the Act of May 17, 1921, P. L. 682, art. III, sec. 318, 40 PS §441, consequently the application should not be admitted as evidence.

It is admitted in this case representations were made. The real issues are whether they were made in good faith or not, and, if made in bad faith, whether those representations were material to the risk insured against.

The issue of good faith is a question of credibility. I find from the clear preponderance of the evidence that defendant acted in bad faith.

My opinion is the cited statute does not operate to bar the admission of the binder-application in this case.

The binder in this case was effectuated by the agent on June 20, 1969. Upon checking defendant's representations, the company discovered falsehood and did not deliver a policy. There never was a policy to attach an application; the total agreement between the company and defendant is manifested by the application form.

Upon hearing and consideration of all properly adduced evidence, I now find as above and as follows:

## FINDINGS OF FACT

1.(a) Defendant had knowledge of fines, and suspensions on his Pennsylvania traffic record at the time he made application for this insurance.

(b) Defendant, in bad faith, made false representations that he had no suspensions or convictions for moving violations.

(c) The substance of defendant's false representations were material to the risk to be insured against.

## CONCLUSIONS OF LAW

1. The Act of May 17, 1921, P. L. 682, art. III, sec. 318, 40 PS §441, which requires a signed application to be attached to the policy for that application to be admissible into evidence, does not prevent the admissibility into evidence of the application in this case.

2. The insurance policy should be voided ab initio.

## DECREE NISI

And now, this June 7, 1971, the automobile insurance binder issued to defendant, Robert L. Hyler, by plaintiff, Ohio Casualty Insurance Company, and the policy are cancelled ab initio and plaintiff is hereby relieved of all liability under the binder and policy.

Each party shall bear own costs.

The prothonotary is directed to enter this decree nisi and to give notice thereof to the parties or their counsel of record. If no exceptions are filed within 20 days thereafter, the decree nisi shall be entered as the final decree by the prothonotary, as of course.